UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KENNETH HASELWANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 10-1190 (RJL) |
| | ) | |
| JOHN M. McHUGH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
(July _18_, 2012) [#11 and #17]

Plaintiff Kenneth Haselwander ("plaintiff" or "Haselwander") brings this action

against Secretary of the Army John N. McHugh ("defendant" or "McHugh"), seeking a

review pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, of

the decision of the Army Board for Correction of Military Records ("ABCMR") denying

his request for an award of the Purple Heart.   Before the Court are the parties'

cross-motions for summary judgment.   After due consideration of the pleadings, relevant

law, and the administrative record herein, the Court hereby GRANTS the defendant's

Motion for Summary Judgment and DENIES plaintiff's Cross-Motion for Summary

Judgment.

## BACKGROUND

On March 18, 1968, the plaintiff entered active duty in the United States Army as a

veterinarian specialist.   Compl. ¶ 5, ECF No. 1.   Deployed to Vietnam in early January

1969, plaintiff was originally assigned to be a veterinary technician for the 39th Infantry

Scout Dog Platoon of the 173rd Airborne Brigade during his service in Vietnam.   *Id.* ¶ 6;

Administrative Record ("AR") at 28, ECF No. 10.   However, on January 21, 1969,

plaintiff was transferred to the 49th Infantry Scout Dog Platoon, of the 199th Light

Infantry Brigade, where he worked as a veterinary technician for the next six months.

Compl. ¶ 7.   Plaintiff was reassigned to the 44th Medical Brigade on August 3, 1969, and

returned to the United States from Vietnam on January 1, 1970.   *Id.* ¶¶ 7, 13; AR at 28,

69.   Plaintiff was released from active duty a few days after his return.   Compl. ¶ 13; AR

at 29, 49.

Thirty-seven years later, in April 2007, plaintiff submitted an application to the

ABCMR to correct his military record.   AR at 37-39.   More specifically, plaintiff

requested that he be awarded a Purple Heart medal for wounds he received in Vietnam

when an enemy rocket exploded near his sleeping quarters.   *Id.* at 37.   On September 13,

2007, the ABCMR denied plaintiff's request due to his failure to provide sufficient

evidence to satisfy the criteria specified by regulation for that award.   Compl. ¶¶ 16, 18;

AR at 28-31.   Upon review of plaintiff's records, however, the ABCMR decided to

award plaintiff the Good Conduct Medal, the Republic of Vietnam Civil Actions Honor

Medal First Class Unit Citation, and three bronze service stars for his Vietnam Service

Medal.   Compl. ¶ 17.

At the plaintiff's request, the ABCMR reconsidered his Purple Heart request, along with additional evidence that the plaintiff submitted.   Compl. ¶ 19; AR at 2-5.   On October 6, 2009, however, the ABCMR once again denied the plaintiff's request because the available evidence was insufficient to substantiate that the plaintiff was wounded as the result of hostile action, that he received medical treatment for any such wound, and that such medical treatment was made a matter of official record.   Compl. ¶ 20; AR at 2-5.

Plaintiff filed this suit on July 13, 2010, asking the Court to reverse the ABCMR decisions and grant him his request as well as attorney's fees.   Compl. ¶¶ 25-27.   On January 17, 2011, I dismissed this action without prejudice because of plaintiff's failure to provide proof of service.   *See* Order, Jan. 17, 2011, ECF No. 4.   I granted plaintiff's consent motion to reinstate his complaint, however, on July 26, 2011.   *See* Pl.'s Consented Mot. to Reinstate, ECF No. 5; Order, July 26, 2011, ECF No. 6.   On September 26, 2011 and January 11, 2012, the parties filed cross motions for summary judgment.   For the following reasons, the defendant's motion for summary judgment is GRANTED and plaintiff's cross-motion for summary judgment is DENIED.

## LEGAL STANDARDS

### I.  Review under the APA

The Secretary of the Army, acting through a civilian board, has the authority to correct any military record of the Army when "the Secretary considers it necessary to

correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1). Challenges to the decisions of such military correction boards are reviewed under the APA, which authorizes courts to set aside final agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Tourus Records, Inc. v. DEA*, 259 F.3d 731, 736 (D.C. Cir. 2001); *Frizelle v. Slater*, 111 F.3d 172, 176 (D.C. Cir. 1997).

When applying this standard of review under the APA, courts must consider whether the civilian administrative agency's decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. *Marsh v. Oregon Natural Res. Council*, 490 U.S. 360, 378 (1989) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971)). At a minimum, that standard requires the agency to consider relevant data and articulate an explanation from which "[its] path may reasonably be discerned," even if the explanation is of "less than ideal clarity." *Dickson v. Sec'y of Def.*, 68 F.3d 1396, 1404 (D.C. Cir. 1995) (quoting *Bowman Transp. Inc. v. Arkansas-Best Freight Sys.*, 419 U.S. 281, 286 (1974)). Agency action, however, will be deemed arbitrary or capricious if the agency took into consideration factors which Congress did not intend it to consider, neglected a significant aspect of the problem, or offered an explanation that contradicted the evidence. *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983).

Due to the narrow scope of judicial review under the "arbitrary and capricious"

4

standard, courts are prohibited from substituting their judgment for that of the agency. *Id.*; *Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 283 (D.C. Cir. 1981) (deferential standard of review "mandates judicial affirmance if a rational basis for the agency's decision is presented . . . even though we might otherwise disagree").   In short, the agency's decision is "entitled to a presumption of regularity" and is presumed valid. *Escobedo v. Green*, 602 F. Supp. 2d 244, 248 (D.D.C. 2009) (quoting *Overton Park*, 401 U.S. at 415); *Kisser v. Cisneros*, 14 F.3d 615, 618-19 (D.C. Cir. 1994) ("[w]e may reverse only if the agency's decision is not supported by substantial evidence, or the agency has made a clear error in judgment").

Military correction boards, such as the ABCMR, are entitled to even greater deference than civilian administrative agencies "to ensure that the courts do not become a forum for appeals by every solider dissatisfied with his or her ratings, a result that would destabilize military command and take the judiciary far afield of its area of competence." *Escobedo*, 602 F. Supp. 2d at 248-49; *Cone v. Caldera*, 223 F.3d 789, 793 (D.C. Cir. 2000).   An ABCMR decision thus cannot be considered arbitrary or capricious if it "minimally contains a rational connection between the facts found and choice made." *Frizelle*, 111 F.3d at 176 (quoting *State Farm*, 463 U.S. at 43); *Appleby v. Harvey*, 517 F. Supp. 2d 253, 261 (D.D.C. 2007).   Accordingly, for the plaintiff to overcome the strong presumption that the military administrators discharged their duties correctly, lawfully, and in good faith, he must show "by cogent and clearly convincing evidence" that the

ABCMR's decision was the result of an injustice or material legal error.  *Frizelle*, 111

F.3d at 177; *Doyle v. England*, 193 F. Supp. 2d 202, 207 (D.D.C. 2002) ("[i]n the absence

of clear and persuasive evidence to the contrary, the courts should thus presume that the

Secretary and selection boards performed fairly and lawfully").   For the following

reasons, he did not do so here.

## II. Summary Judgment

Summary judgment is appropriate when, based on the record, there is no genuine

issue as to any material fact, and the moving party is entitled to judgment as a matter of

law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247

(1986).   In a case involving a challenge to a federal agency's administrative decision

under the APA, however, it is the duty of the agency to resolve factual issues in a manner

that is supported by the administrative record.  *Sierra Club v. Mainella*, 459 F. Supp. 2d

76, 90 (D.D.C. 2006).   On summary judgment, the standard set forth in Fed. R. Civ. P.

56(a) thus does not apply, and the district court is limited to determining "whether or not

as a matter of law the evidence in the administrative record permitted the agency to make

the decision it did."  *Id.* at 90 (quoting *Occidental Eng'g Co. v. INS*, 753 F.2d 766,

769-70 (9th Cir. 1985)); *Fund for Animals v. Babbitt*, 903 F. Supp. 96, 105 (D.D.C.

1995).   In cases involving review of agency decisions, summary judgment therefore

becomes the mechanism for deciding whether, as a matter of law, the final agency action

is supported by the administrative record and is otherwise consistent with the APA

standard of review.   *See Sw. Merch. Corp. v. NLRB*, 53 F.3d 1334, 1341 (D.C. Cir.

1995); *Richards v. INS*, 554 F.2d 1173, 1177 & n.28 (D.C. Cir. 1977).

## DISCUSSION

In this case, the plaintiff claims that the ABCMR's denial of his request for the

Purple Heart award was arbitrary, capricious, an abuse of discretion or otherwise contrary

to law because it is contradicted and unsupported by the administrative record and it is

contrary to the evidence submitted by the plaintiff.   *See* Compl. ¶¶ 22-23; Pl.'s Mem. in

Supp. of Pl.'s Opp'n to Def.'s Mot. for Summ. Judgment and Pl.'s Cross-Mot. for Summ.

Judgment ("Pl.'s Opp'n") at 1, ECF Nos. 15, 17.   The defendant disagrees with the

plaintiff's characterization, however, and argues that the ABCMR decision was neither

arbitrary and capricious, nor contrary to law or regulation, because the ABCMR expressly

considered the evidence presented and properly found that, based on the record before it,

the plaintiff failed to submit sufficient evidence to satisfy the regulatory criteria for award

of the Purple Heart.   *See* Def.'s Reply to Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ.

Judgment and Def.'s Mem. in Opp'n to Pl.'s Cross-Mot. for Summ. Judgment. ("Def.'s

Reply") at 3, ECF Nos. 19, 20.   I agree.

### I. Army Regulations

The ABCMR is a civilian review board that is empowered to review "individual

applications that are properly brought before it" alleging "error or injustice" regarding

"any military record" of the Department of Army.   *See* 10 U.S.C. § 1552(a)(1); Def.'s

7

Mem. in Supp. of Mot. for Summ. Judgment ("Def.'s Mem."), Ex. A, Army Regulation

15-185 ("Army Reg."), ¶ 2, ECF No. 11-2.   In reviewing such applications, the ABCMR

considers the evidence of record, though it may request additional evidence or opinions

despite the fact that it is not an investigative body.   Def.'s Mem., Ex. A, Army Reg.

15-185 ¶ 2-2(c).   If the preponderance of the evidence shows that an error or injustice

exists, the ABCMR will determine what relief is appropriate and grant such relief

accordingly.   *Id.* ¶ 2-10(c)(1)(a).   If the applicant fails to meet this burden, however, the

ABCMR will deny relief.   *Id.* ¶ 2-10(c)(1)(b).   Applicants can seek reconsideration of

these ABCMR decisions within a year of the decision's issuance, but an ABCMR

decision to deny an application is final.   *Id.* ¶¶ 2-13, 2-15.

The specific relief requested by the plaintiff in his application to the ABCMR is, of

course, an award of the Purple Heart medal.   Established by George Washington during

the Revolutionary War, the Purple Heart medal is bestowed upon members of the United

States Armed Forces who have been wounded or killed as a result of enemy action against

the United States.   Def.'s Mem., Ex. B, Army Reg. 600-8-22, ¶¶ 2-8(a), 2-8(b), ECF No.

11-2.   More specifically, each approved award of the Purple Heart must exhibit *all* of the

following factors: (1) wound, injury or death resulting from enemy or hostile act,

international terrorist attack, or friendly fire; (2) the wound or injury required treatment

by medical officials; *and* (3) the records of medical treatment were made a matter of

official Army records.   *Id.* ¶ 2-8k(3) (emphasis added).

8

**II. The ABCMR's September 2007 Decision and October 2009 Reconsideration Decision**

    **a.  The September 13, 2007 Decision**

On September 13, 2007, the ABCMR denied plaintiff's request for a Purple Heart because there was "no available evidence of record to show that the [plaintiff] was treated for a wound that was sustained as the result of enemy action" during his time in Vietnam, as required by the regulatory criteria for award of the Purple Heart.   AR at 28-31.

Plaintiff argues that this decision should be set aside because the ABCMR "fail[ed] to accord the [plaintiff's] corroborative and circumstantial evidence any weight" and "fail[ed]" to consider correcting the [plaintiff's] military records to reflect that he sustained an injury from enemy attack and subsequent treatment," as shown by the evidence before the ABCMR at the time.   Pl.'s Opp'n at 8.   But the record clearly shows that the ABCMR reviewed and credited all of the evidence that the plaintiff submitted in support of his application, and even noted the relevant facts derived from each piece of evidence that informed its decisionmaking.[1]  While the Court is charged with examining whether or not the ABCMR considered all the evidence before it and stated why evidence contrary to the final decision was disregarded or given less weight, *Fuller v. Winter*, 538

---

[1] More specifically, the ABCMR noted the following regarding the evidence of record: (1) neither the plaintiff's DD Form 214 nor the plaintiff's DA Form 20 lists the Purple Heart as an authorized award, though both forms lists many others; (2) the plaintiff's DA Form 20 contains a blank space next to Item 40, "Wounds"; (3) the plaintiff's name does not appear on Vietnam Casualty Roster; and (4) the plaintiff failed to include copies of pictures he alleged were taken of his injuries.   AR at 28-30.

F. Supp. 2d 179, 186 (D.D.C. 2008), it may not "serve as a super correction board that reweighs the evidence", nor may it substitute its own judgment for that of the agency. *Schaefer v. Geren*, 607 F. Supp. 2d 61, 68 (D.D.C. 2009); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 219 F. Supp. 2d 57, 75 (D.D.C. 2002) ("[T]he purpose of the Court's inquiry is not to . . . . second-guess the agency on credibility issues . . . ."). Put simply, plaintiff's personal disagreement with the results of ABCMR's evaluation is not a valid basis for this Court to set aside agency action, especially when such action is supported by the record.

In addition, it is patently clear from the record that the ABCMR's decision to deny a recommendation of correction with regard to plaintiff's military record was properly based on the lack of substantiating medical records, as required by the strict regulatory criteria for award of the Purple Heart. More specifically, an award of the Purple Heart medal requires "substantiating evidence . . . to verify that the wound was the result of hostile action, the wound . . . required treatment by a medical officer, and the medical treatment [was] made a matter of official record." AR at 29 (citing Army Reg. 600-8-22). Because there was "no available evidence of record to show that [plaintiff] was treated for a wound that was sustained as the result of enemy action" in plaintiff's case, however, the ABCMR denied relief. *Id.* at 30-31. If the Court finds, and I do, that the agency considered relevant data and articulated an explanation from which "[its] path may be reasonably discerned", this Court's inquiry is terminated, and the agency decision

must be upheld. *State Farm*, 463 U.S. at 43; *Bowman Transp.*, 419 U.S. at 286. Indeed, even the plaintiff agrees that the ABCMR's assessment is rationally based on the facts, admitting multiple times in the pleadings as to the lack of any document, much less a public record, that substantiates his claim as to injury from enemy action and subsequent medical treatment.[2]

Because the record clearly shows that the ABCMR examined the relevant data and articulated a satisfactory explanation for its action, including a rational connection between the facts found and the choice made, *MD Pharm. Inc. v. Drug Enforcement Admin.*, 133 F.3d 8, 16 (D.C. Cir. 1998), the ABCMR's September 13, 2007 decision is neither arbitrary, capricious, nor contrary to substantial evidence as a matter of law.

### b. The October 6, 2009 Reconsideration Decision

On October 6, 2009, the ABCMR unanimously denied plaintiff's reconsideration request of its initial decision to grant partial relief. AR at 3-5. Despite the addition of new evidence in support of plaintiff's claim, the ABCMR came to the same conclusion it originally had: that "the available evidence is not sufficiently substantiating to show that

---

[2] *See* Pl.'s Opp'n at 3 ("[u]pon learning that several dogs had been injured in the rocket attack, the Veteran left to care for them, before medical records were completed to document his injury"); *id.* ("due to [plaintiff's] abrupt departure from the dispensary and abandoning his own welfare to complete his mission, no medical records were completed to document his injury or medical treatment"); Pl.'s Reply to Def.'s Mem. in Opp'n to Pl.'s Cross-Mot. for Summ. Judgment ("Pl.'s Reply") at 2, ECF No. 21 ("someone failed to incorporate the [plaintiff's] name, injury, and treatment into the official records during enemy attack on June 6, 1969"); *id.* at 4 ("[plaintiff's] treatment was not made part of the official record, due to someone else's error").

the applicant was wounded as the result of hostile action, that he received medical

treatment for any such wound, and that such medical treatment was made a matter of

official record." *Id.* at 5.

Once again, I find that the ABCMR's October 6, 2009 reconsideration decision is

not arbitrary and capricious, nor does it contradict the evidence submitted by the plaintiff,

as a matter of law.   Contrary to plaintiff's argument that the ABCMR acted "arbitrarily

and capriciously" "in violation of its mandate . . . by not correcting the [plaintiff's]

military medical record" to reflect his alleged injuries and treatment in light of "plenty of

[corroborating] evidence", Pl.'s Opp'n at 8-9, it is abundantly clear to me that the

ABCMR carefully considered all of the evidence before it on reconsideration, including

newly submitted evidence from the plaintiff.[3]   Ultimately, it issued a decision that

rationally explained why its original decision to deny plaintiff the Purple Heart award

should remain undisturbed.   AR at 2-5.

For instance, the ABCMR notes that the letters of support from former soldiers

"clearly state that the applicant was wounded in action," thus satisfying the first of the

three prongs necessary for award of the Purple Heart.   *Id.* at 5.   But the ABCMR goes on

to explain that the "photographs that reportedly show the applicant's wounds bandaged

are insufficient by themselves as a basis for award of the Purple Heart" because there "is

---

[3]  Such evidence included copies of photographs, a June 6, 1969 DA Form 1594 (Duty
Officer's Log or Daily Staff Journal), a July 7, 1969 U.S. Army Vietnam Form 382
(Monthly Report of Scout Dog Operations), and three letters of support.   AR at 3-4.

no available medical record to corroborate the photographs," *as required* by the second and third prongs of the Purple Heart award requirements. *Id.* at 4-5. In support of its decision, the ABCMR also explains that, although the July 7, 1968 Monthly Report of Scout Dog Operations (USARV Form 382) and the June 6, 1969 Duty Officer's Log (DA Form 1594) submitted by plaintiff both mention that two dog handlers and/or soldiers were wounded in action on or around June 6, 1969, neither include identifying information regarding the wounded individuals, and the latter indicates that neither of their wounds were serious, with only one requiring hospitalization. *Id.* at 4.

The Court thus finds that the plaintiff has not shown by cogent and clear evidence that the ABCMR decision was a result of a material legal error or injustice. *See* Doyle, 193 F. Supp. 2d at 207. The ABCMR adequately explained the facts and concerns it relied on in its October 6, 2009 decision, which was supported by the administrative record, and the plaintiff has not demonstrated that these assertions and opinions are unlawful, arbitrary, capricious or contrary to the evidence of record. Because the Court must accept the ABCMR's findings "if the record contains such evidence that a reasonable mind might accept as adequate to support a conclusion," *Smith v. Dalton*, 927 F. Supp. 1, 5 (D.D.C. 1996), the Court easily concludes that the ABCMR's decision to affirm the denial of plaintiff's requested relief cannot be set aside under the APA. The defendant is thus entitled to judgment as a matter of law.[4]

---

[4] It is important to note that the root of plaintiff's discord seems to be the administrative

## CONCLUSION

For all the foregoing reasons, defendant's Motion for Summary Judgment [Dkt.

#11] is hereby GRANTED and the plaintiff's Cross-Motion for Summary Judgment [Dkt.

#17] is hereby DENIED.   An appropriate order shall accompany this Memorandum

Opinion.

RICHARD J. LEON
United States District Judge

---

requirements for the Purple Heart award, rather than the decisionmaking of the ABCMR.
Indeed, the plaintiff's argument that corroborative and circumstantial evidence should
stand in for the "formality" of a document, Pl.'s Opp'n at 2, is a political argument that is
better addressed to Congress or the Department of the Army than to the judiciary.   In
addition, plaintiff's encouragement of this Court to "do equity" because it "has the
opportunity to provide this Veteran with justice," *id.* at 10-11, Pl.'s Reply at 4, is
misplaced.   This Court is not a court of equity.   It is a court of law, and its review of the
ABCMR decision is, to say the least, a narrow one.   *See State Farm*, 463 U.S. at 43;
*Costle*, 657 F.2d at 283.